UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Roy Sargeant, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 19 CV 50187 |
| | ) | Judge Iain D. Johnston |
| Aracelie Barfield, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

In *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), the Supreme Court found an implied claim for damages existed against federal law enforcement employees for violating the Fourth Amendment. Following *Bivens*, the Supreme Court has explicitly recognized only two other claims: *Carlson v. Green*, 446 U.S. 14 (1980) (recognizing Eighth Amendment claim based on failure to address serious medical condition); *Davis v. Passman*, 442 U.S. 228 (1979) (recognizing a Fifth Amendment claim based on sex discrimination). The recognition of implied claims against federal officials based on *Bivens* was a slow-moving vehicle. The Supreme Court repeatedly rejected attempts to expand *Bivens* into other alleged constitutional violations. *Hernandez v. Mesa*, ___ U.S. ___, 140 S. Ct. 735, 743 (2020). But in *Ziglar v. Abbasi*, ___ U.S. ___, 137 S. Ct. 1843 (2017), the Supreme Court not only slammed on the brakes, but also put the vehicle in neutral while apparently thinking about throwing it into reverse. And just last year, the Supreme Court reaffirmed its thinking on *Bivens* claims. *Hernandez v. Mesa*, ___ U.S. ___, 140 S. Ct. at 750. Caution is the watchword. *Id.* at 739.

In *Abbasi*, the Supreme Court created a two-step test to determine if a *Bivens* claim exists beyond the three limited contexts in which it has found a claim to exist. First, the court must determine whether the claim is an extension of one of the three—and only three—recognized claims so that the claim arises in a new context. *Abbasi*, 137 S. Ct. at 1857-58. Second, if the claim arises in a new context, then the court must determine if special factors exist that counsel hesitation to grant the extension. *Abbasi*, 137 S. Ct. at 1857-58.

Consequently, although some courts, including the Seventh Circuit, had previously expanded *Bivens* to recognize claims of other constitutional violations, such as a federal prisoner's claim for retaliation based on the First Amendment, *see Babcock v. White*, 102 F.3d 267 (7th Cir. 1996), those cases are no longer controlling.

1

Instead, federal courts must look anew as to whether claims beyond the precise holdings of *Bivens*, *Carlson*, and *Davis* exist. *Loumiet v. United States*, 948 F.3d 376, 382 (D.C. Cir. 2020); *Bistrian v. Levi*, 912 F.3d 79, 95 (3d Cir. 2018).

In this case, Roy Sargeant, a federal prisoner housed at Thomson AUSP, alleges a First Amendment retaliation claim against Aracelie Barfield. Essentially, Sargeant claims that after he filed a complaint against another Thomson prison official under the Prison Rape Elimination Act for insulting his sexual preferences, Barfield retaliated against him by, among other things, assigning him to live in housing with violent inmates.

Following the Seventh Circuit's direction, the Court recruited counsel to represent Sargeant to respond to Barfield's motion to dismiss. *Smadi v. True*, 783 F. App'x 633 (7th Cir. 2019). The Court recruited a highly regarded and respected local attorney, Roberta Holzwarth. The Court profoundly thanks Ms. Holzwarth for her efforts in this case. Her heroic attempts to make a silk purse out of a sow's ear were admirable and impressive, but ultimately unavailing.

The issue presented is straight-forward: Do federal inmates have a *Bivens* claim under the First Amendment for retaliation after *Abbasi*?

The unanimous and resounding answer is "No!"

The Seventh Circuit has yet to address the issue. *Haas v. Noordeloos*, 792 F. App'x 405, 406 (7th Cir. 2020). It has, however, assumed a claim existed to affirm a dismissal on other grounds. *See, e.g., White v. True*, 833 F. App'x 15, 18 (7th Cir. 2020) (assuming *Bivens* claims existed but affirming dismissal); *White v. Sloop*, 772 F. App'x 334, 335 (7th Cir. 2019) (same). But every circuit court to address the issue has found that federal inmates have no First Amendment retaliation claim under *Bivens* after *Abbasi*. *Butler v. Porter*, ___ F.3d___, 2021 U.S. App. LEXIS 16462, at *6 (5th Cir. 2021); *Watkins v. Three Admin. Remedy Coordinators of the Bureau of Prisons*, ___ F.3d ___ 2012 U.S. App. LEXIS 15455, at *5-6 (5th Cir. 2021); *Earle v. Shreves*, 990 F.3d 774, 776 (4th Cir. 2021); *Callahan v. Fed. Bureau of Prisons*, 965 F.3d 520, 525 (6th Cir. 2020); *Bistrian v. Levi*, 912 F.3d 79, 96 (3d Cir. 2018); *see also Johnson v. Burden*, 781 F. App'x 833, 836 (11th Cir. 2019) (holding that First Amendment retaliation claims are an extension of *Bivens*). Each district court in the Seventh Circuit to address the issue has found likewise. *Decker v. Bradley*, No. 2:19-cv-00616, 2021 U.S. Dist. LEXIS 74296, at * 6 (S.D. Ind. Apr. 18, 2021); *Robinson v. Morris*, Case No. 18-cv-164, 2019 U.S. Dist. LEXIS 220234, at *13 (S.D. Ill. Sep. 23, 2019); *Silva v. Ward*, 16-cv-185, 2019 U.S. Dist. LEXIS 165211, at *25 (W.D. Wisc. Sept. 26, 2019); *Atkinson v. Broe*, 15-cv-386, 2019 U.S. Dist. LEXIS 7396, at *18 (W.D. Wisc. Jan. 16, 2019); *Early v. Shepherd*, No. 2:16-cv-00085, 2018 U.S. Dist. LEXIS 161664, at *41 (S.D. Ind. Sept. 21, 2018) ("For these reasons, Mr. Early's First Amendment retaliation claims are foreclosed by *Ziglar v.*

*Abbasi*, 137 S. Ct. 1843, 198 L. Ed. 2d 290 (2017)."). District courts across the country agree. *Pinson v. United States DOJ*, No.: 12-1872, 2021 U.S. Dist. LEXIS 41262, at *21 (D.D.C. Jan. 8, 2021) ("The Court therefore agrees with nearly every other court to have addressed the issue and hold that prisoners cannot bring First Amendment retaliation cases under *Bivens*."); *Oneil v. Rodriguez*, 18-CV-3287, 2020 U.S. Dist. LEXIS 181275, at *11 (E.D.N.Y. Sept. 30, 2020). Indeed, it is possible to collect cases collecting cases for this holding. *Bistrian*, 912 F.3d at 96 (citing *Akande v. Philips*, No. 1:17-cv-01243 EAW, 2018 U.S. Dist. LEXIS 118212 (W.D.N.Y. July 11, 2018) (collecting cases)); *Decker*, 2021 U.S. Dist. LEXIS 74296, at * 6 n.2 (collecting cases).

The courts uniformly find—correctly—that recognizing a First Amendment retaliation claim would be an extension of *Bivens* into a new context. *See, e.g., Butler*, 2021 U.S. App. LEXIS 16462, at *6; *Watkins*, 2012 U.S. App. LEXIS 15455, at *5-6; *Earle*, 990 F.3d at 776; *Callahan*, 965 F.3d at 525; *Bistrian v. Levi*, 912 F.3d at 96; *Johnson*, 781 F. App'x at 836. The unbroken line of cases then proceeds to find that special factors counsel against recognizing a First Amendment retaliation claim under *Bivens*. Specifically, the courts correctly identify the following special factors weighing against the disfavored extension of *Bivens*, including, but not limited to, the following:

- The existence of alternative remedies, including the Bureau of Prisons' Administrative Remedy Program. *Earle*, 990 F.3d at 780; *Callahan*, 965 F.3d at 524.

- Respect for separation of powers between the Executive Branch, which operates the Bureau of Prisons, and the Judiciary. *Earle*, 990 F.3d at 780-81; *Callahan*, 965 F.3d at 524.

- The ease with which retaliation claims can be manufactured, including claims that the retaliation involved a discretionary decision, which would not only embroil the judiciary in the operation of the prison but also impose additional financial burdens on both branches of government. *Earle*, 990 F.3d at 780-81; *Callahan*, 965 F.3d at 532-33; *Bistrian*, 912 F.3d at 96.

- The incongruity that federal employees have no First Amendment retaliation claims under *Bivens* but that federal prisoners would. *Callahan*, 965 F.3d at 523.

- That Congress has chosen not to provide a claim when it knows how to do so when it thinks it is appropriate, which is evidenced by Congressional silence in the Prisoner Litigation Reform Act and Congressional action in the Religious Freedom Restoration Reform Act. *Butler*, 2021 U.S. App. LEXIS 16462, at *10-11.

As most attorneys practicing before this Court know, the Court is not shy about standing alone on a metaphorical legal island if it believes the legal analysis mandates that result. *See, e.g., DR Distribs., LLC v. 21 Century Smoking Inc.*, No. 12 CV 50324, 2021 U.S. Dist. LEXIS 9513, at *251 n.54 (N.D. Ill. Jan. 19, 2021) (noting that Court appears alone in its belief that attorneys' fees are not recoverable under Rule 37(e)).[1] So, it is unsurprising that the Court has not just blindly relied on this avalanche of legal authority. The Court has independently analyzed the issue and has reached the same result. But the Court sees no benefit by elaborating further on its analysis. Doing so would merely be a reiteration of the cornucopia of other decisions. The Court's insight would add nothing to this jurisprudence.

Once again, the Court thanks Ms. Holzwarth for her professionalism and commitment to providing *pro bono* legal services to those in need.

Barfield's motion to dismiss, Dkt. 53, is granted. The case is dismissed.[2]

Entered: June 17, 2021                       By: _____
                                             Iain D. Johnston
                                             U.S. District Judge

---

[1] Indeed, as the Supreme Court recognized just this week, sometimes even when all the Circuit Courts agree, they can still be wrong in the eyes of the Supreme Court. *See Greer v. United States*, 2021 U.S. LEXIS 3118, at 15-17 (June 14, 2021) (noting that its decision in *Rehaif* was contrary to all existing circuit court decisions).

[2] Judge Durkin previously dismissed all other defendants during screening. Dkt. 29.

4